**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAIRY FARMERS OF AMIERCA, INC., | |
| Plaintiff, | |
| v. | Case No. 20-2619-JAR-ADM |
| WISCONSIN WHEY PROTEIN, INC., | |
| Defendant. | |

**NOTICE AND ORDER TO SHOW CAUSE**

To plaintiff, by and through its attorneys:

Plaintiff's complaint asserts that the court has diversity jurisdiction over this action. (ECF 1, ¶ 4.) Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); s*ee also Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."). The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If the court determines that it lacks subject matter jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Penteco Corp., Ltd. P'ship v. Union Gas Sys.,* 929 F.2d 1519, 1512 (10th Cir. 1991); *see also* FED. R. CIV. P. 12(h)(3) (same).

The complaint does not plead facts necessary to establish complete diversity of citizenship. The parties to this action include two corporation defendants. "[A] corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citing 28 U.S.C. § 1332(c)(1)). Plaintiff Dairy Farmers of America, Inc. ("DFA") states that it is a dairy cooperative,

1

formed under Kansas law and "is headquartered in Kansas." (ECF 1, at ¶ 2.) In practice, a company's headquarters is typically its principal place of business for the purpose of diversity jurisdiction "provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). But, here, DFA neither alleges its principal place of business nor that its Kansas headquarters is the actual center of direction, control, and coordination. DFA further alleges that Defendant Wisconsin Whey Protein, Inc. ("WWP") is a Wisconsin corporation, but DFA does not identify WWP's principal place of business.

Because the face of the complaint does not establish complete diversity of citizenship, the court orders DFA to show cause in writing by **December 22, 2020,** why the undersigned should not recommend that the district judge dismiss this case without prejudice for lack of subject-matter jurisdiction. Any response to this show-cause order must provide sufficient factual allegations for the court to evaluate whether DFA has adequately pleaded diversity jurisdiction exists by specifying the states where DFA and WWP have their principal places of business.

**IT IS SO ORDERED.**

Dated December 15, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
